379 So.2d 658 (1980)
William Victor GRUMAN, Petitioner,
v.
BANKERS TRUST COMPANY, a New York Corporation, Respondent.
No. 79-1751.
District Court of Appeal of Florida, Third District.
January 15, 1980.
Rehearing Denied February 29, 1980.
*659 Dubbin, Schiff, Berkman & Dubbin and Evan J. Langbein, Miami, for petitioner.
Mershon, Sawyer, Johnston, Dunwody & Cole and H. Michael Madsen, Pyszka, Kessler & Adams and William M. Douberley, Miami, for respondent.
Before PEARSON and SCHWARTZ, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
SCHWARTZ, Judge.
The petitioner, who is the counter-defendant below in an action for the conversion of a vessel, seeks certiorari review of an order requiring that he answer an interrogatory which asked for information as to every bank account in which he held an interest. Gruman has unequivocally conceded before us in open court that he utilized the funds received for the property in question, some $140,000, for his own personal benefit.[1] Particularly in the light of this stipulation, the interrogatory before us is substantially overbroad in that, without a showing of even potential relevance to the issues in the case, it seeks personal financial information of a type ordinarily discoverable only in aid of execution after judgment has been entered. See Cooper v. Fulton, 117 So.2d 33, 35-36 (Fla. 3d DCA 1960); cf. Tennant v. Charlton, 377 So.2d 1169 (Fla. 1979);[2]Leonhardt v. Cammack, 327 So.2d 848 (Fla. 4th DCA 1976), cert. denied, 339 So.2d 1167 (Fla. 1976). Therefore, we grant the petition and quash the order under review. We do so, however, specifically without prejudice (a) to the respondent's right to discover the manner by which Gruman disposed of the particular funds in issue,[3] and (b) to further discovery, if it becomes appropriate, as to punitive damages[4] or in aid of execution.
Certiorari granted.
NOTES
[1] He contends that the only remaining issue below on the merits is whether he had the authority to sell the vessel on his own behalf.
[2] The respondent makes no contention that, as in Tennant, the information is discoverable on the ground that it is pertinent to the issue of punitive damages.
[3] Evidence, for example, that he attempted to secrete the moneys would be pertinent on the substantive issue of his right to dispose of the vessel. See Helton v. State, 135 Fla. 458, 185 So. 864 (1938); Long v. State, 11 Fla. 295 (1866).
[4] See note 2, supra; Tennant v. Charlton, supra.