869 So.2d 664 (2004)
In re ESTATE OF Norman O. SAUEY, Sr., Deceased.
Donald Sauey and Norman O. Sauey, Jr., as Personal Representatives of the Estate of Norman O. Sauey, Sr., Petitioners,
v.
Beverly Sauey, Respondent.
No. 4D03-4369.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
*665 Michael L. Trop of Adorno & Yoss, P.A., Fort Lauderdale, for petitioners.
Thomas K. Topor of The Kelley Law Firm, Chartered, Fort Lauderdale, and John Beranek of Ausley & McMullen, Tallahassee, for respondent.
GROSS, J.
This petition for writ of certiorari arises from probate litigation. Petitioners, Donald Sauey and Norman O. Sauey, Jr., are the personal representatives of the Estate of Norman O. Sauey, Sr. Respondent, Beverly Sauey, is the surviving spouse. An antenuptial agreement provided that Beverly waived her spousal rights in her husband's estate upon the occurrence of certain conditions, including the funding of a marital trust for Beverly's benefit.
In the circuit court, Beverly obtained an extension of time for making an elective share. She contended that she did not have enough information about the assets of the estate to make an informed decision on whether to exercise her statutory right to the elective share. Also, Beverly petitioned for the removal of Donald and Norman, Jr. as co-personal representatives, claiming that they had financial interests that conflicted with their obligations as personal representatives.
Beverly sought discovery of financial information from the personal representatives in requests for production and for admission. The personal representatives objected to the discovery. The trial court overruled the objections in an order dated October 14, 2003.
Considering the two issues being litigated, the discovery sought was proper. "[W]here materials sought by a party `would appear to be relevant to the subject matter of the pending action,' the information is fully discoverable." Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003) (quoting Epstein v. Epstein, 519 So.2d 1042, 1043 (Fla. 3d DCA 1988)). The order compelling production of relevant financial information cannot be the object of a writ of certiorari because there is no irreparable harm. See Eberhardt v. Eberhardt, 666 So.2d 1024, 1025 (Fla. 4th DCA 1996); Gaché v. First Union Nat'l Bank of Fla., 625 So.2d 86, 87 (Fla. 4th DCA 1993).
Petitioners rely upon Picerne Development Corp. of Florida v. Tasca & Rotelli, 635 So.2d 149 (Fla. 4th DCA 1994), to argue that Beverly's discovery was premature, in that it was "requested prior to the trial court entering an order establishing entitlement to the elective share." Picerne turns on the application of the rule that applies to discovery in an action for accounting. See Fla. Gaming Corp. of Del. v. Am. Jai-Alai, Inc., 673 So.2d 523, 524 (Fla. 4th DCA 1996). That rule should not be extended to this setting, where the discovery is relevant to the decision of whether or not to even seek an elective share. In accounting cases, there can often be a dispute as to the existence of the fiduciary relationship, such as a trust or partnership, that gives rise to the right to an accounting. Here, there is no dispute as to Beverly's status as a surviving spouse, only as to her entitlement to the elective share in light of the antenuptial agreement.
The petition for writ of certiorari is denied.
FARMER, C.J., and POLEN, J., concur.