982 So.2d 1211 (2008)
CAPCO PROPERTIES, LLC., et al., Petitioners,
v.
MONTEREY GARDENS OF PINECREST CONDOMINIUM, et al., Respondents.
No. 3D08-1127.
District Court of Appeal of Florida, Third District.
May 23, 2008.
Rehearing Denied June 16, 2008.
Hyman Spector & Mars, and Michael L. Hyman, and Jeffrey S. Respler, Miami and Martin M. Dernis, Miami Lakes, for petitioners.
Blaxberg, Grayson, Kukoff & Strauss, and David A. Strauss, for respondents.
Before RAMIREZ, SHEPHERD, and ROTHENBERG, JJ.
RAMIREZ, J.
Petitioners Capco Properties, LLC., Todd Caplin, Jay Caplin and Leonard Caplin petition this Court for writ of certiorari to review nonfinal orders of the trial court that (a) denied the petitioners' motion for protective order, (b) overruled the petitioner's objections to discovery requests, (c) denied petitioners' motion for reconsideration, (d) granted the respondent's motion to compel and (e) denied petitioner's motion to stay. We grant the petition.
*1213 Respondent Monterey Gardens of Pinecrest Condominium Association, Inc. has pending in the Circuit Court for the Eleventh Judicial Circuit a Second Amended Complaint against the petitioners and D.J.S. Architechture, P.A., f/k/a Donald J. Seidler, P.A. The complaint alleges that Capco Properties was the developer of the subject condominium, which has been under the control of the unit owners since August 2004. The Caplins are alleged to be members of the limited liability company. The pending complaint includes counts for breach of implied warranties of fitness and merchantability against Capco; breach of express warranties against Capco; negligent nondisclosure against all petitioners; fraudulent concealment against all petitioners; fraudulent transfer against all petitioners; and negligent hiring/supervision against all petitioners. The complaint specifically references a fire protection system for the buildings that was allegedly not code compliant. The fraudulent transfer is premised on allegations that "upon information and belief," Capco has made cash distributions to its members that have rendered Capco insolvent. Petitioners have yet to file an answer because pending before the circuit court is their motion to dismiss.
Soon after the petitioners served their motion to dismiss, the respondent began its efforts to obtain intrusive financial discovery from the petitioners. The discovery request includes the following four disputed items:
All financial statements, balance sheets, profit and loss statements and tax returns prepared by or for Capco Properties, LLC from May 2003 to the present.
Documentation reflecting distributions of any kind from Capco Properties, LLC to its members from May 2003 to the present.
Statements of all bank accounts of Capco Properties, LLC from May 2003 to the present.
Cancelled checks issues by Capco Properties, LLC to its members from May 2003 to the present.
First, with respect to the standard of review, the Florida Supreme Court in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987), stated that a non-final order for which no appeal is provided by rule is reviewable by certiorari only in extremely limited circumstances. The order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). While it is beyond argument that the trial court in the case before us departed from the essential requirements of law, a more difficult question is whether petitioners will suffer material injury. The Martin-Johnson opinion held that even a valid privacy interest in avoiding unnecessary disclosure of matters of a personal nature is insufficient to warrant review of a pretrial order by certiorari. Eberhardt v. Eberhardt, 666 So.2d 1024 (Fla. 4th DCA 1996) (holding that discovery requiring production of personal income tax returns in case involving claim for breach of contract and accounting, in and of itself, not irreparable harm).
Discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence. Fla. R. Civ. P. 1.280(b)(1) (providing that discovery must be relevant to the subject matter of the pending action); Krypton Broad. of Jacksonville, Inc. v. MGM-Pathe Commc'ns Co., 629 So.2d 852, 854 (Fla. 1st DCA 1993) ("It is axiomatic that information sought in discovery must relate *1214 to the issues involved in the litigation, as framed in all pleadings."). In Jenkins v. Milliken, 498 So.2d 495 (Fla. 2d DCA 1986), the Second District Court of Appeal quashed a discovery order for financial information, holding that, despite the allegations in the complaint, there was simply no evidence which could support the counts raised therein.
Clearly, the four items petitioners are disputing comprise personal financial information that is ordinarily discoverable only in aid of execution after judgment has been entered. Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003) (stating that the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment; however where materials sought by a party appear relevant to subject matter of pending action, information is fully discoverable). See also Gruman v. Bankers Trust Co., 379 So.2d 658, 659 (Fla. 3d DCA 1980) (quashing an order requiring that the defendant respond to discovery requests with respect to financial information, because "without a showing of even potential relevance to the issues in the case, [the discovery requests seek] personal financial information of a type ordinarily discoverable only in aid of execution after judgment has been entered."). The petitioners' motion to dismiss, which has not yet been heard by the trial court, alleges that respondent's complaint is lacking sufficient allegations to allow the production of petitioners' financial documents. As such, respondent has not shown why the discovery of petitioners' financial information is relevant and should be allowed at this time.
Our case is distinguishable from Martin-Johnson because Martin-Johnson involved a claim for punitive damages, and the case before us does not involve such damages. Moreover, as the Supreme Court added in Allstate Insurance Co. v. Langston, 655 So.2d 91, 95 (Fla.1995):
Although we cannot say that irrelevant materials sought in a discovery request necessarily cause irreparable harm, we do not believe that a litigant is entitled carte blanche to irrelevant discovery. We therefore quash the district court decision to the extent that it permits discovery even when it has been affirmatively established that such discovery is neither relevant nor will lead to the discovery of relevant information.
Such is the case here because discovery of the requested financial information is neither relevant nor would it lead to the discovery of relevant information. The respondent has not even pled a count for an accounting. Moreover, none would be available here, as that equitable action lies where the parties have had a fiduciary relationship such as a partnership, or property has come into the hands of the defendant in which the plaintiff has an interest. Dahlawi v. Ramlawi, 644 So.2d 523 (Fla. 3d DCA 1994); Weiss v. Courshon, 618 So.2d 255 (Fla. 3d DCA 1993). In our case, the circuit court has either basically allowed an accounting where none has been pled or has ordered premature punitive damage discovery under section 768.72, Florida Statutes (2003).
By allowing this type of discovery, the circuit court has allowed the respondent to discover the petitioner's personal wealth information without any showing of relevance, need, or legal basis in the absence of even a claim for punitive damages. The Florida Legislature removed this device years ago so that such discovery is not permitted until the trial judge determines there is a valid claim for punitive damages to use as the predicate for such discovery. See § 768.72, Fla. Stat. (2003); Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995).
*1215 In this case, by not successfully asserting a statutory basis like section 768.72, the issue of personal worth discovery is not reviewable by certiorari. Does this mean that petitioners then can obtain no appellate relief? Did the Supreme Court in Globe Newspaper, Martin-Johnson and Langston intend to give certiorari relief to defendants where the plaintiffs used punitive damages as a mechanism for obtaining personal worth discovery while giving no relief to defendants where the plaintiffs have absolutely no basis for such discovery? In All About Cruises, Inc. v. Cruise Options, Inc., 889 So.2d 905 (Fla. 4th DCA 2004), the court concluded that petitioners had to wait until they could seek final review, at which point the damage had long since been done. Id. at 908-09 (Farmer, C.J., concurring). But at least in All About Cruises, the plaintiff had made a claim for an equitable accounting. In our case, the respondent has not even made such a claim.
We further note that in Martin-Johnson, the Supreme Court went out of its way to remark, "[W]e do not ignore petitioner's valid privacy interest in avoiding unnecessary disclosure of matters of a personal nature. We believe, however, that our discovery rules provide sufficient means to limit the use and dissemination of discoverable information via protective orders." Id. at 1100. The Florida Supreme Court assumes that important privacy interests will be protected by trial judges who have remedial tools available and will presumably do the right thing. But what happens when the trial judge does not do the right thing? Are appellate judges obliged to sit on their hands when totally irrelevant material encompassing six years of extensive and intrusive financial information is ordered to be produced where the plaintiff has not even pled a count for accounting nor moved to amend to assert punitive damages? Such a rule would give defendants who have engaged in outrageous conduct warranting a claim for punitive damages greater appellate rights than an innocent defendant being harassed by an unscrupulous plaintiff who has made no showing that punitive damages are warranted. Under Globe Newspaper, the former has the right to certiorari review where the latter is condemned to disclose all of its finances.
In sum, the petitioners have shown that the subject orders are a departure from the essential requirements of law and that the injury cannot be corrected on appeal from the final judgment. Accordingly we grant certiorari and quash the orders under review.
SHEPHERD, J., concurs.
ROTHENBERG, J. (dissenting).
Because it has not been affirmatively established that the disputed discovery requests seek entirely irrelevant materials, and the petitioners failed to establish that the trial court's discovery order will cause irreparable harm, the petition should be dismissed for a lack of certiorari jurisdiction. I must, therefore, respectfully dissent.
The majority contends that the instant discovery orders must be quashed because the financial information requested is not relevant, and will not lead to the discovery of relevant information. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 95 (Fla. 1995). However, this conclusion ignores the fact that Count Six in the respondent's second amended complaint ("Count Six") alleges that a petitioner, Capco Properties, LLC ("Capco"), "made cash distributions to its members that have rendered [Capco] insolvent" and "[s]pecifically, despite having been aware of the numerous construction defects within the Condo, [Capco] is believed to have dispersed all or virtually *1216 all of its capital to its members, leaving itself unable to compensate [the respondent] for its claims."
In the absence of clear record evidence, it is not for this Court to pass upon the legal sufficiency of this allegation, and unless it has been "affirmatively established" that the discovery sought is wholly irrelevant, id., the exercise of certiorari jurisdiction is inappropriate. See Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999-1000 (Fla. 1999) (explaining that the Langston holding did not expand certiorari review in the discovery context, and reiterating that the governing standard of irreparable harm is the proper focus for an appellate court); Jenkins v. Milliken, 498 So.2d 495, 496-97 (Fla. 2d DCA 1986) (looking past complaint's allegations of negligent hiring because clear deposition testimony on the record refuted the allegations). Accordingly, because the financial information sought by the respondent, once received, would either bolster or undermine Count Six, and because the record lacks clear evidence refuting that allegation, it cannot be affirmatively established that the information sought is wholly irrelevant.[1]
Even if I were to agree with the majority that in some respects the trial court's order departed from the essential requirements of the law, without any showing of irreparable harm to the petitioners, the order under review does not create certiorari jurisdiction. An erroneous discovery order will not typically create certiorari jurisdiction unless it causes irreparable harm and is the type of order that could provide an opponent with "material that could be used by an unscrupulous litigant to injure another person." Boecher, 733 So.2d at 999. A thorough review of the instant petition reveals a failure to demonstrate that allowing the discovery order to stand will cause irreparable harm. Similarly, the petitioners fail to address how revealing the requested information might cause irreparable harm. The petition is devoid of any claim that the information sought is privileged, or that the discovery would compel the petitioners to reveal a trade secret of some sort. There is no claim that compliance with the trial court's order will enable the respondent to injure the petitioners in any way. Thus, the petition fails to demonstrate the necessary element of irreparable harm.
The majority claims that irreparable harm is evident because the disputed requests ask for personal financial information involving valid privacy interests. I disagree. A review of the disputed discovery requests reveals that each one is specifically directed to Capco, a business entity. While the Florida Constitution clearly creates a distinct right of privacy for "natural persons," Art. I, § 23, Fla. Const., the majority articulates no compelling reason to extend that right to a limited liability company. Indeed, in each of the cases cited by the majority for the proposition that a discovery request for personal financial information can be automatically equated with irreparable harm, the subject of the discovery requests was a natural person, not a business entity. See, e.g., Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189 (Fla.2003); Gruman v. Bankers Trust Co., 379 So.2d 658 (Fla. 3d DCA 1980).
In sum, so long as Count Six stands, I cannot conclude that pursuant to Langston, the discovery requests are not relevant, and will not lead to the discovery of *1217 relevant information. In addition, because the petitioners failed to demonstrate any form of injury, let alone irreparable harm, the petition should be dismissed for a lack of certiorari jurisdiction.
NOTES
[1] It is worth noting that the legal sufficiency of Count Six will be tested at the hearing on Capco's pending motion to dismiss. If the trial court sees fit to dismiss that allegation, I would join in the majority opinion. However, while Count Six remains valid, I cannot conclude that the financial information sought is entirely irrelevant.