997 So.2d 1270 (2009)
Queenester MADISON, personal representative of the Estate of Terry Madison, deceased, for the benefit of Queenester Madison and the Estate of Terry Madison, Appellant,
v.
HOLLYWOOD SUBS, INC., d/b/a Miami Subs, a Florida corporation, and Miami Subs Corporation, a Florida corporation, Appellee.
No. 4D08-498.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
David M. Garvin of David M. Garvin, P.A., Miami, for appellant.
Carlos D. Cabrera and A. Hinda Klein of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellee.
PER CURIAM.
Appellant's decedent was shot and killed as a result of an altercation which occurred while the vehicle in which he was a passenger was in the drive-through lane at a Miami Subs restaurant owned by a franchisee. The trial court dismissed plaintiff's complaint against Miami Subs, the franchisor, and we affirm.
The complaint alleged that the restaurant was operated by Hollywood Subs, the franchisee, and attached the franchise agreement with the franchisor, Miami Subs. The agreement provided that the franchisee is an independent contractor and not an agent for the franchisor. Plaintiff refers to the franchise agreement to establish control; however, the only control provided by the agreement was to insure uniformity in the standardization of products and services offered by the restaurant. The day to day operations were within the sole control of the franchisee. The theory of recovery against the franchisee was that there was inadequate security outside the restaurant and that the franchisee was acting as the agent of the franchisor.
Plaintiff relies on Springtree Properties, Inc. v. Hammond, 692 So.2d 164 (Fla. 1997), which involved an accident outside a Hardee's restaurant in which a customer driving a car accidentally hit the gas and struck a patron who was coming out of the restaurant. That case, which permitted a claim against the franchisor to go forward, *1271 is distinguishable in that the theory of recovery was based on the defective design of the premises which had been determined by the franchisor and which the franchisee was required to implement.
This case is similar to Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995), in which a customer was attacked and beaten by an employee of the franchisee. He sued the franchisor on the theory that there was an agency relationship; however, the franchisor exercised no control over the day to day operation of the business and the summary judgment in favor of the franchisor was affirmed.
In this case, the franchise agreement on which plaintiff relied to state a cause of action based on agency did not make the franchisor responsible for this type of incident. We accordingly affirm.
KLEIN, STEVENSON, JJ., and KELLEY, GLENN D., Associate Judge, concur.