POLEN, J.
 

 Appellants Charles Ryan Hickman and Carol Cavanagh Hickman (“the Hick-mans”) timely appeal the trial court’s grant of summary judgment in favor of Bjorn Aaserod (“Aaserod”) and denial of their request to amend their summary judgment pleadings. This Court has jurisdiction. Fla. RApp. P. 9.030(b)(1)(A) (2008). For the reasons stated below, we reverse in part.
 

 Aaserod bought a home in Palm Beach County, next door to his friend, Robert
 
 *806
 
 Wyner (“Wyner”). Wyner is a real estate agent for Barclay’s International Realty, Inc. (“Barclay’s”), which handled Aaserod’s real estate transaction. When Aaserod began renovating his house, Wyner lent assistance by overseeing the renovations and paying the bills as a signatory to Aaserod’s bank account.
 

 On January 23, 1999, Appellant Charles Ryan Hickman (“Hickman”) became interested in purchasing Aaserod’s home and entered the property to obtain Aaserod’s contact information. As he was leaving, Wyner saw Hickman and called the police. The two men got into a minor confrontation, and Hickman was charged with petty theft, battery against Wyner, and misdemeanor trespass.
 

 After he was found not guilty on all three counts, Hickman and his wife filed a multi-count complaint against Wyner, Aas-erod, and Barclay’s. In their second amended complaint, the Hickmans alleged,
 
 inter alia,
 
 that Wyner was negligent for failing “to utilize ordinary care to report truthfully and accurately to the [police] any facts regarding the incident.” The complaint also alleged that Aaserod was liable for Wyner’s purported negligence due to their agency relationship.
 

 In response, Aaserod filed a motion for summary judgment, disputing the allegation of agency. Contrary to Wyner’s assertion that he contacted the police at the direction of Aaserod, Aaserod produced evidence to show that he was in flight during the incident involving Hickman and, thus, could not have instructed Wyner to call the police. The court granted Aaser-od’s motion for summary judgment.
 

 A trial court’s order granting summary judgment is reviewed under the
 
 de novo
 
 standard.
 
 Johnson v. Boca Raton Cmty. Hosp.,
 
 985 So.2d 593, 595 (Fla. 4th DCA 2008). “Summary judgment is properly granted when there are no issues of material facts, and the moving party is entitled to judgment as a matter of law.”
 
 Id.
 

 Generally, the existence of an agency relationship is a question of fact; however, when the moving party fails to produce any supportive evidence or when the evidence presented is so unequivocal that reasonable persons could reach but one conclusion, that question of fact becomes a question of law to be determined by the court.
 
 Rubin v. Gabay,
 
 979 So.2d 988, 990 (Fla. 4th DCA 2008) (citing
 
 Fernandez v. Fla. Nat’l College, Inc.,
 
 925 So.2d 1096, 1100 (Fla. 3d DCA 2006)).
 

 The key element in establishing actual agency is the control by the principal over the actions of the agent.
 
 See
 
 979 So.2d at 990 (citing
 
 State v. Am. Tobacco Co.,
 
 707 So.2d 851, 854 (Fla. 4th DCA 1998));
 
 Chase Manhattan Mortg. Corp. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A.,
 
 694 So.2d 827, 832 (Fla. 4th DCA 1997). And it is the
 
 right
 
 of control, not
 
 actual
 
 control or descriptive labels employed by the parties, that determines an agency relationship
 
 Parker v. Domino’s Pizza, Inc.,
 
 629 So.2d 1026, 1027 (Fla. 4th DCA 1993).
 

 In this case, as the Hickmans allege, Aaserod gave Wyner a key to his home so Wyner could have access in his absence; Aaserod designated Wyner as a signator on his checking account to enable Wyner to pay the mortgage, utilities, maintenance, and taxes; Wyner interviewed and selected architects and engineers for Aaserod’s review; and Wyner inspected the property and paid for repairs once he ascertained the work was completed.
 

 Given those facts, it is still possible that a jury would determine that no agency relationship existed here. But, for the court to determine as a matter of law, that
 
 *807
 
 no agency relationship existed, the standard is higher. “[E]videnee presented by both parties [must be] so unequivocal that reasonable persons could reach but one conclusion.” 979 So.2d at 990. And even if Aaserod could not have exercised
 
 actual
 
 control over Wyner’s actions during the time Aaserod was on the airplane flight, it is still plausible that he would have had the
 
 right
 
 to control.
 
 See
 
 629 So.2d at 1027. Further, a jury could reasonably infer that Wyner was acting on Aaserod’s behalf when he brought criminal charges against Hickman.
 

 As such, we reverse the trial court’s grant of Aaserod’s summary judgment. It was error for the court to find, as a matter of law, that no agency relationship existed between Aaserod and Wyner. That issue, in this case, should be for a fact finder’s determination.
 

 The Hickmans argue additionally that the trial court erred in denying what should have been a liberally allowed amendment to their second amended complaint. We find that the record does not lend support for this argument.
 

 First, a trial court’s decision on a motion to amend the pleadings is reviewed for abuse of discretion.
 
 Williams v. Palm Beach Cmty. Coll. Found.,
 
 862 So.2d 917, 919 (Fla. 4th DCA 2003). Second, the litigation in this ease had been pending for over six years, during the course of which the Hickmans were allowed to amend their claims five times. As for their second amended complaint, the Hickmans did not seek an amendment until after the hearing on Aaserod’s renewed motion for summary judgment. And even then, they did so merely by moving ore tenus at the hearing on their motion for reconsideration of the order granting summary judgment for Aaserod. At that point, the court stated, “You can’t submit, on the day or the day after a hearing, a new motion to amend. You have to plead it and then proceed, so they’re on notice. This case has been around for a long time, and it really just needs to get teed up for trial.”
 

 “While the policy in Florida is to liberally allow amendments to pleadings where justice so requires, a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished.”
 
 Alvarez v. DeAguirre,
 
 395 So.2d 213, 216 (Fla. 3d DCA 1981) (citation omitted);
 
 see also Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp.,
 
 415 So.2d 892, 895 (Fla. 3d DCA 1982) (“[TJhree attempts to amend the complaint are enough.”). “In addition to the desirability of allowing amendments so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached.” 395 So.2d at 216 (citation omitted);
 
 see also Noble v. Martin Mem’l Hosp. Ass’n, Inc.,
 
 710 So.2d 567, 568-569 (Fla. 4th DCA 1997) (“There comes a point in litigation where each party is entitled to some finality.”).
 

 Here, the trial court properly exercised its discretion in denying the Hickmans’ motion, having determined that they had taken advantage of numerous opportunities to amend their pleadings and that the case had been pending for a long time. We affirm the trial court’s decision denying leave to amend.
 

 Affirmed in part; reversed in part and remanded.
 

 WARNER and HAZOURI, JJ., concur.