PER CURIAM.
 

 Richard O’Barry seeks certiorari review of orders that compel him to produce personal financial discovery. We grant the
 
 *1287
 
 petition and quash the order that granted Ocean World’s Motion to Compel.
 
 Friedman v. Heart Inst. of Port St. Lucie, Inc.,
 
 863 So.2d 189, 194 (Fla.2003);
 
 Carter v. Carter,
 
 3 So.3d 397 (Fla. 4th DCA 2009);
 
 In re Estate of Sauey,
 
 869 So.2d 664 (Fla. 4th DCA 2004).
 

 Ocean World has sued O’Barry and others. The claim is that the many defendants, in various ways, interfered with Ocean World’s contract for the purchase of dolphins from Japan for delivery to its amusement park in the Dominican Republic, its contract with the Taiji Whale Museum in Japan, and its business relationship with the Dominican Republic government.
 
 [1]
 
 There are three counts directed to O’Barry, each alleging intentional interference with a contractual relationship between Ocean World and the Taiji Whale Museum, Dr. Michael Briggs, and the Dominican Republic.
 

 Of the discovery requested from O’Barry, four requests are the subject of this petition. Each request concerns personal financial discovery including personal tax returns, pay receipts, financial statements, and banking records. Over O’Barry’s objections, the trial court granted Ocean World’s Motion to Compel.
 

 We grant O’Barry’s petition upon concluding that the causes of action do not support the request for the financial discovery. Specifically, the allegations directed toward O’Barry do not allege that he gained financially as a result of his alleged interference with the various business relationships.
 
 S. Bell Tel. and Tel. Co. v. Roper,
 
 482 So.2d 538, 539 (Fla. 3d DCA 1986). We also reject Ocean World’s position that the discovery is needed to counter O’Barry’s “first amendment” defenses.
 

 Accordingly, the petition is granted and the order directing discovery is quashed.
 

 GROSS, C.J., WARNER and CIKLIN, JJ., concur.
 

 [1]
 

 .
 
 Trs. of Columbia Univ. v. Ocean World,
 
 S.A., 12 So.3d 788 (Fla. 4th DCA 2009);
 
 Reiss v. Ocean World, S.A.,
 
 11 So.3d 404 (Fla. 4th DCA 2009).