VILLANTI, Judge.
Salvador Diaz-Verson, Jr., petitions for a writ of certiorari directed to the trial court’s order that denied his motion for protective order relating to fifteen subpoenas duces tecum issued by Walbridge Al-dinger Company that sought discovery of Diaz-Verson’s personal financial information. Because the information sought by this discovery is private financial information that is irrelevant to the allegations against Diaz-Verson contained in Wal-bridge’s second amended complaint, we hold that the trial court departed from the essential requirements of law by denying Diaz-Verson’s motion for protective order. Therefore, we grant the petition and quash the trial court’s order.
According to the allegations of Wal-bridge’s second amended complaint, Wal-bridge, a general contractor, entered into a contract with DVA Sports, LLC, to construct a sports arena in Manatee County. The contract was subsequently assigned to DVA Arena, LLC. Diaz-Verson was a principal of both DVA Sports and DVA Arena, but he was not personally a party to the contract between DVA Sports and Walbridge. According to the complaint, Walbridge performed several million dollars of work on the arena before it became apparent that it was not going to be paid. Walbridge filed liens against the arena property, and it subsequently sued DVA Arena and several other entities involved in the construction project on various theories.
Of the twelve counts contained in Wal-bridge’s second amended complaint, only one was alleged against Diaz-Verson personally. In count VI of its second amended complaint, Walbridge sued Diaz-Verson for fraud, alleging that (1) Diaz-Verson and/or his agent told Walbridge that Landmark Bank was providing construction funding; (2) Diaz-Verson and/or his agent told Walbridge that construction financing was in place; (3) Diaz-Verson and/or his agent told Walbridge that there was no reason for it to believe that it would not be paid; (4) Diaz-Verson and/or his agent *1009 told Walbridge that DVA Arena would be providing some of the construction funding directly; (5) Diaz-Verson and/or his agent told Walbridge that DVA Arena had decided to refinance the original construction loan and that there were delays in payment due to the refinancing; (6) Diaz-Verson and/or his agent told Walbridge that DVA Arena was refinancing the construction loan because it did not like the terms of the Landmark Bank loan; (7) Diaz-Verson and/or his agent told Wal-bridge that a third-party lender had provided sufficient financing to fund the project; (8) Diaz-Verson and/or his agent told Walbridge that Diaz-Verson was holding certain stock in escrow as security for further funding; and (9) Diaz-Verson and/or his agent repeatedly told Walbridge that funding and payments were forthcoming. Walbridge alleged that each of these statements were false when they were made, that Diaz-Verson intended Wal-bridge to rely on these statements to continue construction, that Walbridge did rely on these statements when continuing construction activities, and that it had been damaged as a result of its reliance on these false statements. In his answer, Diaz-Verson denied making some of the statements and denied that other statements were false when made.
During the course of the ensuing discovery, Walbridge sought to issue fifteen subpoenas duces tecum to various nonparty banks and financial institutions that were listed on Diaz-Verson’s personal financial statement. These subpoenas sought records concerning Diaz-Verson’s personal financial accounts, including joint accounts with Diaz-Verson’s wife, who was not a party to the litigation. In response to these subpoenas, Diaz-Verson filed a motion for protective order, alleging that the information sought by the subpoenas was both irrelevant to the allegations of the complaint and privileged from disclosure. Following a hearing, the trial court denied Diaz-Verson’s motion for protective order and allowed the subpoenas to issue. It is this order that Diaz-Verson asks this court to quash.
Certiorari review of a discovery order is appropriate “when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.” Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). The disclosure of various types of information can result in irreparable harm, including material protected by privilege, trade secrets, or work product. Id. However, the test for discovery is always relevance. Id.; see also Friedman v. Heart Inst. of Port St. Lucie, Inc., 868 So.2d 189, 194 (Fla.2003). Thus,
[a] party’s finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party.
Friedman, 863 So.2d at 194 (emphasis added). However, “ ‘the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.’” Id. (quoting Straub v. Matte, 805 So.2d 99, 100 (Fla. 4th DCA 2002)) (emphasis added). “ ‘[Compelled disclosure through discovery [must] be limited to that which is necessary for a court to determine contested issues....”’ Friedman, 863 So.2d at 194 (quoting Woodward v. Berkery, 714 So.2d 1027, 1036 (Fla. 4th DCA 1998)).
For example, in All About Cruises, Inc. v. Cruise Options, Inc., 889 So.2d 905, 906 (Fla. 4th DCA 2004), Cruise Options’ com *1010 plaint alleged counts for breach of contract, equitable accounting, and piercing the corporate veil in an action against All About Cruises for failure to pay commissions. The complaint alleged that the owner of All About Cruises, Ms. Myman, had diverted corporate funds for her personal use, thus depriving Cruise Options of payments due to it under the parties’ contract. Id. Cruise Options sought discovery of Myman’s personal financial information to establish where the disputed funds had gone. The trial court denied Myman’s motion for protective order, and the Fourth District denied certiorari. In doing so, the court noted that an “‘order compelling production of relevant financial information cannot be the object of a writ of certiorari because there is no irreparable harm.’ ” Id. at 907 (quoting In re Estate of Sauey, 869 So.2d 664, 665 (Fla. 4th DCA 2004)). Because the financial records sought by Cruise Options were relevant to its claims for accounting and piercing the corporate veil, those records were properly discoverable. Id.
In contrast, in Capco Properties, LLC v. Monterey Gardens of Pinecrest Condominium, 982 So.2d 1211, 1213 (Fla. 3d DCA 2008), Monterey Gardens had alleged claims against Capeo and its principals for fraudulent concealment, fraudulent transfers, negligent nondisclosure, and negligent hiring. The complaint alleged that Capeo had made cash distributions to its principals in an effort to render itself insolvent so as to avoid any judgment Mon-terey Gardens might obtain. Monterey Gardens sought to discover financial information from Capeo and its principals, including financial statements, balance sheets, tax returns, bank statements, and cancelled checks. Id. The trial court denied Capco’s motion for protective order, and Capeo and the principals sought cer-tiorari review. The Third District noted that the items requested “comprise personal financial information that is ordinarily discoverable only in aid of execution.” Id. at 1214. It also noted that Monterey Gardens’ complaint was “lacking sufficient allegations” to establish the relevance of the financial information it was seeking to the counts alleged in the complaint. Id. Therefore, the court granted certiorari and quashed the trial court’s order because “[Monterey Gardens] has not shown why the discovery of petitioners’ financial information is relevant and should be allowed at this time.” Id.; see also O’Barry v. Ocean World, S.A., 17 So.3d 1286, 1287 (Fla. 4th DCA 2009) (granting certiorari and quashing an order compelling discovery when Ocean World did not establish that O’Barry’s financial information was relevant to the causes of action alleged against him in the complaint); Spry v. Prof'l Emp’r Plans, 985 So.2d 1187, 1188 (Fla. 1st DCA 2008) (granting certiorari and quashing order granting motion to compel discovery of plaintiffs financial information when the defendant failed to establish any relevance of that information to the issues in the case).
Here, Walbridge sought discovery of Diaz-Verson’s personal financial information by way of fifteen nonparty subpoenas to various financial institutions identified in Diaz-Verson’s personal financial statement. However, none of the fraud allegations in Walbridge’s second amended complaint pertain to Diaz-Verson’s personal financial condition or render Diaz-Ver-son’s personal financial situation relevant. Since Diaz-Verson’s personal financial information is neither relevant nor necessary for the court to determine the issues raised in the litigation, that information was not discoverable at this stage of the litigation.
Perhaps recognizing that its complaint did not establish the relevance of Diaz- *1011 Verson’s personal financial information, Walbridge argued at the hearing that Diaz-Verson’s personal financial information was relevant because Walbridge had relied on Diaz-Verson’s personal financial statement when making its decision to continue construction on the arena project. Walbridge also identified a letter — written by Diaz-Verson to another defendant four months after Walbridge had started construction and in which Diaz-Verson gave personal assurances of payment — that Walbridge claimed it also relied on in continuing to perform work on the project. According to Walbridge, its purported reliance on these two documents rendered Diaz-Verson’s personal financial information relevant and discoverable.
The problem with this argument is that Walbridge’s purported reliance on these two documents is not alleged anywhere in the otherwise very detailed second amended complaint. Count VI of the second amended complaint, which is the only count against Diaz-Verson, contains thirty-one numbered paragraphs of allegations and incorporates an additional thirty-one paragraphs from the general allegations of the complaint. Not a single one of these paragraphs alleges that Walbridge relied on any representation by Diaz-Verson that he would personally make payments or that he had personally guaranteed payment. Further, not a single one of these paragraphs references Diaz-Verson’s personal financial statement or the letter purporting to say that Diaz-Verson was personally guaranteeing payment. In the absence of allegations of this nature, Walbridge cannot establish that Diaz-Verson’s personal financial information is relevant to the issues framed by the pleadings.
It is true, as Walbridge points out in its response to the petition, that its counsel told the trial court at the hearing on Diaz-Verson’s motion that Walbridge relied on these documents. However, “information sought in discovery must relate to the issues involved in the litigation, as framed in all pleadings.” Krypton Broad. of Jacksonville, Inc. v. MGM-Pathe Commc’ns Co., 629 So.2d 852, 854 (Fla. 1st DCA 1993), disapproved on other grounds by Allstate Ins. Co. v. Langston, 655 So.2d 91, 95 (Fla.1995) (emphasis added); see also Richard Mulholland & Assocs. v. Polverari, 698 So.2d 1269, 1270 (Fla. 2d DCA 1997) (“A protective order should be granted when the pleadings indicate that the documents requested are not related to any pending claim or defense ....”) (emphasis added). Here, the pleadings, i.e., the second amended complaint, do not establish the relevance of any of Diaz-Ver-son’s personal financial information, and the unsworn representations of counsel at a hearing, even if somehow properly considered, cannot create relevance where it does not otherwise exist.
Accordingly, because Diaz-Verson’s personal financial information is not relevant to any issue raised by the pleadings, the trial court departed from the essential requirements of law in denying Diaz-Ver-son’s motion for protective order. Further, because Diaz-Verson’s personal financial information is not relevant to the issues raised in the pleadings, disclosure of that information would result in irreparable harm. Therefore, we grant Diaz-Verson’s petition and quash the order denying his motion for protective order.
Petition granted.
KELLY and LaROSE, JJ., Concur.