PER CURIAM.
 

 Sandra Gill McDonald, the surviving spouse of the decedent Paul D. McDonald, petitions this court for a writ of certiorari to quash a discovery order of the probate court. That order sustained the objections of the personal representative and the McDonald family (the Respondents) to her notice of intent to serve subpoena and production of documents pursuant to Florida Rule of Civil Procedure 1.351 on the decedent’s company, McDonald Construction Corporation (MCC), a nonparty to the probate proceeding.
 
 [1]
 
 To assist her in deciding whether to take the elective share,
 
 see
 
 § 732.201, Fla. Stat. (2010), the surviving spouse sought financial information from MCC that she asserted was relevant to determining whether the value of MCC’s stock had increased during the marriage due to the efforts of the decedent.
 
 See
 
 § 732.2155(6)(c). The probate court ruled that the MCC stock was not part of the probate estate, and therefore, the information requested was not relevant. It further ruled that the value of the MCC stock is excluded from the surviving spouse’s elective share calculation pursuant to section 732.2155(6). We grant cer-tiorari and quash the probate court’s order.
 

 To obtain certiorari relief from an allegedly erroneous interlocutory order, a petitioner must establish that the order is: “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal.”
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 648 (Fla. 2d DCA 1995). This court considers the second and third prongs first because they are used to determine jurisdiction.
 
 Id.
 
 Although “[c]ertiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal,”
 
 Giacalone v. Helen Ellis Mem’l Hosp. Found. Inc., 8
 
 So.3d 1232, 1234 (Fla. 2d DCA 2009), this case presents one of those rare situations in which certiorari review is appropriate.
 

 At the hearing on the Respondents’ objections to the surviving spouse’s discovery request, the Respondents presented no evidence to rebut a detailed affidavit from the surviving spouse’s expert witness regarding the need for the requested discovery. Discovery of financial information “is relevant to the decision of whether or not to even seek an elective share.”
 
 In re Estate of Sauey,
 
 869 So.2d 664, 665 (Fla. 4th DCA 2004). And section 732.2135(1) provides time limits on when a spouse must take the elective share. Thus, the surviving spouse would suffer irreparable harm not remediable on appeal if she were not allowed to obtain information necessary to make a decision regarding whether to take the elective share.
 

 The probate court’s order declaring that the value of the MCC stock is excluded from the surviving spouse’s elective share calculation pursuant to section 732.2155(6) is a departure from the essential requirements of law. Section 732.2155(6) provides as follows:
 

 
 *892
 
 Sections 732.201-732.2155 do not affect any interest in property held, as of the decedent’s death, in a trust, whether revocable or irrevocable, if:
 

 (a) The property was an asset of the trust at all times between October 1, 1999, and the date of the decedent’s death;
 

 (b) The decedent was not married to the decedent’s surviving spouse when the property was transferred to the trust; and
 

 (c) The property was a nonmarital asset as defined in s. 61.075 immediately prior to the decedent’s death.
 

 The parties agree that only the applicability of subsection (6)(c) is at issue in this case. There are no cases interpreting subsection (6)(c). We conclude that the fact that section 732.2155(6)(c) cites to section 61.075 without a specific citation to the subsection defining nonmarital property indicates the legislature’s intent that the entire statute, which defines both marital and nonmarital property, is to be considered in determining whether the property in the revocable trust was nonmarital at the time of death. The definition of marital assets includes “[t]he enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both.” § 61.075(6)(a)(l)(b), Fla. Stat. (2010). In other words, if the value of the MCC stock in the decedent’s revocable trust increased pursuant to the terms of section 61.075(6)(a)(l)(b), that increase would not be excluded from the elective share under section 732.2155(6)(c). Thus, to the extent the information sought by the surviving spouse is necessary to her determination whether the MCC stock value was enhanced during the marriage due to the efforts of the decedent, it is relevant.
 

 Accordingly, we grant the surviving spouse’s petition for writ of certiorari and quash the probate court’s order sustaining the Respondents’ objections to her discovery request. Our holding does not affect MCC’s right to file objections to any subpoena it is served in conjunction with the surviving spouse’s discovery request.
 
 See
 
 Fla. R. Civ. P. 1.351.
 

 Petition granted; order quashed.
 

 WHATLEY, WALLACE, and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Rule 1.351(b) requires a party desiring production to serve notice on every other party of the intent to serve a subpoena, specifically identifying, among other facts, the person who is to produce the documents or things. Production will not occur if any party files an objection to the notice within ten days of service. The notice and proposed subpoena are not to be served on the person upon whom the subpoena is to be served until the objections are resolved pursuant to rule 1.351(d). Thus, MCC has not yet been served with the subpoena.