LaROSE, Judge.
McDonald’s Restaurants of Florida, Inc., and McDonald’s Corporation[1] each petition for a writ of certiorari. They seek review of nonfinal orders compelling production of documents and other discovery. We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(A). McDonald’s alleges that the sought-after discovery is protected as trade secrets, see § 90.506, Fla. Stat. (2010) (privilege with respect to trade secrets), or is not relevant or necessary to the litigation. We grant the petitions.
This is a premises liability case. Jane Doe was an employee of J & I Management Company, Inc., a management company for a McDonald’s franchisee, J.V. & Sons, Inc. Ms. Doe alleges that J & I and McDonald’s are liable for an assault on Ms. Doe by another J & I employee. At its crux, Ms. Doe’s theory is that McDonald’s, as franchisor, had some duty to prevent the assault.
The alleged assault occurred at a McDonald’s restaurant in Largo. McDonald’s Restaurants of Florida owns the property on which the restaurant is located. In its answer to the complaint, it denied that it was a franchisor. It denied further that it had any contract with or control over the franchisee, J.V. & Sons, Inc.
*793 McDonald’s Corporation is the franchisor of the restaurant and has a franchise contract with J.V. & Sons, Inc. McDonald’s Corporation denied any involvement in the hiring, retention, or evaluation of J & I employees.
Ms. Doe seeks damages from McDonald’s on theories of actual agency, apparent agency, and negligence. During discovery, she sought production of various manuals, including the operation and training manual referenced in the franchise agreement between McDonald’s and J.V. & Sons, Inc., to prove that McDonald’s controlled its franchisees.
The operation and training manual includes chapters on food safety and preparation, human resources, and security. The chapters potentially relevant to Ms. Doe’s case, those on human resources and security, apply only to restaurants operated by McDonald’s Corporation. Franchisees may develop and implement their own human resource and security policies. The franchise agreement specifically provides that franchisees are not authorized to act as McDonald’s Corporation agents for any purpose. The franchisee retains control over the restaurant’s day-to-day operations.
McDonald’s Corporation produced portions of the operation and training manual.[2] The trial court denied Ms. Doe’s motion for sanctions because McDonald’s Corporation did not produce the entire manual. The trial court did find that the sought-after discovery contained trade secrets; however, it also ruled that the items were relevant to Ms. Doe’s ability to prove negligence and apparent agency. The trial court denied McDonald’s emergency motion for a protective order and directed that the sought-after discovery be made available, directing the parties to “enter into a confidentiality agreement.”
McDonald’s argues that Ms. Doe’s request for production should focus on issues of hiring and security. The order compelling production of all “subjects, items[,] and tools” is overbroad. As McDonald’s aptly notes in their briefs, “Doe cannot show [that McDonald’s was] responsible for a[n] ... assault just because it requires the [franchisee to follow uniform procedures for troubleshooting the milkshake machine or preparing a hamburger.”
Ms. Doe argued that “each and every detail of control over the franchise through the operations and training manual and all of the subjects], items[,] and tools contained therein are relevant and should be produced.” But, Ms. Doe’s counsel conceded below that “[a] lot of the things are not necessary but I would want them for the trial to parade in front of the jury.”
“Certiorari review of a discovery order is appropriate ‘when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.’ ” Diaz-Verson v. Walbridge Aldinger Co., 54 So.3d 1007, 1009 (Fla. 2d DCA 2010) (quoting Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)). Disclosure of information, including material protected by privilege, trade secrets, or work product, can result in irreparable harm. Diaz-Varson, 54 So.3d at 1009. Relevance, however, is always the polestar. Id. Compelled disclosure through discovery must be limited to items necessary for a court to determine contested issues. Id.
*794 We already observed that McDonald’s Restaurants of Florida is the property owner and has no franchise agreement with J.V. & Sons, Inc. Nothing suggests that McDonald’s Restaurants of Florida directs the franchisee or its management company on issues regarding hiring and security. Ms. Doe shows no relevance as to this petitioner; the order is a departure from the essential requirements of law as to this petitioner. See id.
As to McDonald’s Corporation, the trial court ordered production of potential trade secrets information without conducting an in camera review of all the items which included DVDs and various other manuals. Apparently, the franchisee does not even possess some of these items. They, too, may not be relevant.
To the extent that the trial court ordered production of trade secrets documents that it failed to review in camera, the order compelling production departs from the essential requirements of law. See Summitbridge Nat’l Invs. LLC v. 1221 Palm Harbor, L.L.C., 67 So.3d 448, 450 (Fla. 2d DCA 2011). There, we concluded that
the circuit court departed from the essential requirements of law by ordering disclosure of the information without conducting an in camera review to determine whether the information is a trade secret and, if so, whether the borrowers have shown a reasonable necessity for the information and whether safeguards are required to prevent its unnecessary dissemination. The jurisdictional threshold for certiorari review is satisfied because “the disclosure of trade secrets creates the potential for irreparable harm.” Ameritrust Ins. Corp.[ v. O’Donnell Landscapes, Inc.], 899 So.2d [1205,] 1207 [ (Fla. 2d DCA 2005) ].
Id. at 450-51. “An order requiring disclosure of trade secrets may cause irreparable injury that cannot be corrected on appeal; the disclosure lets the ‘cat out of the bag.’” Capital One, N.A. v. Forbes, 34 So.3d 209, 212 (Fla. 2d DCA 2010) (citing Am. Home Assurance Co. v. Vreeland, 973 So.2d 668, 671 (Fla. 2d DCA 2008)). Indeed, Ms. Doe’s concession that many of the items were show pieces for trial suggests a fishing expedition. See Grooms v. Distinctive Cabinet Designs, Inc., 846 So.2d 652, 655 (Fla. 2d DCA 2003) (reiterating “that rule allowing party to request production is not designed to afford [an] avenue to pry into adversary’s business or to go on fishing expedition to uncover business methods, confidential relations, or other facts pertaining to business” (citing Inrecon v. Vill. Homes at Country Walk, 644 So.2d 103, 105 (Fla. 3d DCA 1994))).
We recognize that discovery of irrelevant materials does not necessarily cause irreparable harm. See Vreeland, 973 So.2d at 671. Here, however, the orders are overbroad, void of solicitude for trade secrets, and lack a showing of need by Ms. Doe. Our concern is heightened by Ms. Doe’s apparent theory that a franchisor is a guarantor or insurer of every act of a franchisee or its management company. See Mobil Oil Corp. v. Bransford, 648 So.2d 119, 120 (Fla.1995) (explaining that franchisor creates “an agency relationship with a franchisee if, by contract or action or representation, the franchisor has directly or apparently participated in some substantial way in directing or managing acts of the franchisee”); Madison v. Hollywood Subs, Inc., 997 So.2d 1270, 1271 (Fla. 4th DCA 2009) (holding that where day-to-day operations were within sole control of the franchisee no agency relationship existed with franchisor). “[I]t is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship.” *795 Hickman v. Barclay’s Int’l Realty, Inc., 5 So.3d 804, 806 (Fla. 4th DCA 2009) (citing Parker v. Domino’s Pizza, Inc., 629 So.2d 1026, 1027 (Fla. 4th DCA 1993)).
Ms. Doe relies on Parker in arguing that an agency relationship made the discovery documents relevant. But, Parker was decided based on a franchise agreement containing a “veritable bible” for overseeing the restaurant’s operation. Id. at 1029. We are not persuaded that the facts in Parker are similar to those here. We are thus guided by the Mobil Oil and Madison holdings, particularly where discovery, relevancy, and the trade secrets privilege are at stake. Here, the franchisee may develop and implement its own human resource and security policies. The franchise agreement prohibits the franchisee from acting as McDonald’s Corporation agents for any purpose, and it provides that the franchisee retains control over its day-today operations.
Finally, the trial court’s discovery order was deficient in that it failed to specify findings to support its determination that Ms. Doe demonstrated reasonable necessity for production despite the existence of trade secrets. See KPMG LLP v. State Dep’t of Ins., 833 So.2d 285, 286 (Fla. 1st DCA 2002).
Petitions granted; orders quashed.
CASANUEVA and DAVIS, JJ„ Concur.

. Unless the context demands otherwise, for convenience, we will refer to the petitioners collectively as McDonald’s.

. J.V. & Sons, Inc., produced the franchise agreement and relevant portions of the operation and training manual.