DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SABAS FERRER,**
Appellant,

v.

**JEWELRY REPAIR ENTERPRISES, INC.,** d/b/a **FAST-FIX JEWELRY & WATCH REPAIRS,** a Pennsylvania corporation, and **GBMM ENTERPRISES, INC.,** a Florida corporation, **SIMON PROPERTY GROUP, INC.,** d/b/a **CORAL SQUARE MALL,** a Delaware corporation, and **UNIVERSAL PROTECTION SERVICE, LLC.,** d/b/a **ALLIED UNIVERSAL SECURITY SERVICES,** a Delaware LLC,
Appellees.

No. 4D19-2747

[January 20, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE 18-004129 (08).

Lorne A. Kaiser of Kaiser Romanello, P.A., Parkland, for appellant.

Sharon C. Degnan of Kubicki Draper, Orlando, for appellee Jewelry Repair Enterprises, Inc.

ARTAU, J.

Plaintiff challenges a final summary judgment in favor of the franchisor in a personal injury action he brought after he was shot by the owner of the franchisee at the franchise location where he worked. We affirm the entry of summary judgment, concluding that the franchisor had no legal duty to the plaintiff under these circumstances.

The franchise agreement itself negates that the franchisor had any substantial control over the franchisee or its owner. It is a typical franchise agreement. While it requires the uniform standardization of products and services and contemplates regular and ongoing support from the franchisor, it does not provide the franchisor with any control over the day-to-day operations that do not involve the standardization of products and services. Pursuant to the agreement, the franchisee operated as its

own independently owned entity, with full authority to hire and fire its employees. In *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119 (Fla. 1995), our supreme court found a similar claim to be legally insufficient when a customer sued the franchisor—Mobil Oil—after he was attacked and beaten by one of the employees of its franchisee at an independently owned Mobil franchise. *Id.* at 120. Our supreme court pointed out that the franchisee was described as an "independent businessman" in the franchise agreement, and nothing in the agreement gave the franchisor the right to control the management of the franchisee's gas station. *Id.* Moreover, the supreme court concluded:

> In today's world, it is well understood that the mere use of franchise logos and related advertisements does not necessarily indicate that the franchisor has actual or apparent control over any substantial aspect of the franchisee's business or employment decisions. Nor does the provision of routine contractual support services refute this conclusion.

*Id.*

Likewise, the mere use here of a uniform name and logo by the franchisee, and the franchisor's regular and ongoing support and oversight in furtherance of the franchisor's goal of providing standardization of products and services through its independently owned and operated franchisee, does not give rise to any genuine issues of material fact in dispute that could allow a trier of fact to conclude that the franchisor here had any actual or apparent control over the franchisee's management, including the hiring and firing of the franchisee's managers and employees, and any of their actions on behalf of the franchisee. *See Madison v. Hollywood Subs, Inc.*, 997 So. 2d 1270, 1271 (Fla. 4th DCA 2009) (franchisee was not franchisor's agent and thus franchisor could not be held liable to estate of customer who was shot and killed while a passenger in a car in a drive-through lane of franchisee's restaurant); *see also Michael & Philip, Inc. v. Sierra*, 776 So. 2d 294, 297 (Fla. 4th DCA 2000) (citing the general common law rule "that there is no duty to prevent the misconduct of third persons."). Accordingly, the franchisor had no legal duty to the plaintiff and could not be held liable for the acts of the franchisee's owner where the franchisor was not in actual or apparent control of the independently owned and operated franchise. The circuit court was correct in entering summary judgment for the franchisor.

*Affirmed.*

LEVINE, C.J., concurs.

2

WARNER, J., dissents with opinion.

WARNER, J., dissenting.

Because the complaint alleges a degree of control and influence by the franchisor in the day to day operations of the franchisee, and discovery on these issues was still outstanding, I would reverse for further proceedings. In *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 120 (Fla. 1995), the court said, "[f]ranchisors may well enter into an agency relationship with a franchisee if, by contract *or action* or representation, the franchisor has directly or apparently participated in some substantial way in directing or managing acts of the franchisee, beyond the mere fact of providing contractual franchise support activities." (Emphasis added.) Based upon the unrefuted allegations in the complaint, I would hold that the allegations of the franchisor's actions were legally sufficient to show the exercise of control over this franchisee, such that the motion for summary judgment should have been denied at this stage of the proceedings.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***