805 So.2d 99 (2002)
Karen STRAUB f/k/a Karen Matte, Petitioner,
v.
Michael MATTE, Respondent.
No. 4D01-3703.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
Jane Kreusler-Walsh and Rebecca J. Mercier of Jane Kreusler-Walsh, P.A., West Palm Beach, and Michael P. Walsh, of Michael P. Walsh, P.A., West Palm Beach, for petitioner.
Thomas J. Sasser of Sasser, Cestero & Sasser, P.A., West Palm Beach, for respondent.
PER CURIAM.
In the underlying action, the former wife filed a supplemental petition for modification of child support against the former husband seeking to modify a final judgment of dissolution entered in 1994. There, the former wife alleged a substantial change in circumstances in that the former husband's income has substantially increased.
According to the record, since divorcing the former husband, the former wife has remarried. In that marriage, the former wife and her present husband entered into a prenuptial agreement and a modification agreement thereto.
*100 During the pendency of the modification of child support proceedings against the former husband, the former husband sought production of documents from the former wife requesting: "Any prenuptial agreement, midnuptial agreement or post-nuptial agreement of the Former Wife entered within the last five (5) years."
In response, the former wife filed a motion for protective order. As she did below, the former wife raises two issues to this court. We will discuss the arguments upon which we grant relief. The former wife argues that the prenuptial agreements between her and her present husband are confidential, irrelevant, and disclosure would violate her present husband's right of privacy.
On the record, during the pendency of the action, the former wife disclosed paragraph 3 of the Modification Agreement to the former husband because that provision sets forth an amount of money she currently receives from her present husband, but requested that all other information in the agreements remain undisclosed.
After an in-camera review, the trial court entered an order requiring the former wife to disclose other provisions of the prenuptial agreement and the entire Modification Agreement. The trial court further ordered that the information would be divulged only to former husband's counsel.
In response, the former wife filed an emergency motion to stay the trial court's order and stay the filing of the confidential prenuptial agreement. On September 19, 2001, the trial court denied the former wife's motion to stay order and granted her motion for stay of filing the confidential prenuptial agreement. It also ordered that the agreement not be placed in the court file.
On September 20, 2001, the former wife filed her timely petition for writ of certiorari and emergency motion to review the trial court's order denying the stay. This court granted the former wife's motion for stay.
We agree with the former wife that the trial court's order on discovery is reviewable by certiorari because, due to a departure from the essential requirements of the law, it causes irreparable harm that cannot be remedied on appeal. See Woodward v. Berkery, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998), (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987)).
Similarly we agree that, under Woodward, the scope of discovery in a modification proceeding is necessarily narrower and that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.
In Woodward, this court specifically discussed discovery in modification proceedings, stating,
The scope of discovery in a modification proceeding is necessarily narrower than in a plenary proceeding to establish the need and amount of such support in the first instance. Where there has been no prior adjudication of the support issue, as for example when a dissolution of marriage or paternity case is first filed, it is usually necessary to require broad disclosure by both parties to provide a trial judge with an evidentiary basis to decide contested issues as to support. When, as here, the issue is modification of prior adjudications of support, however, the necessity for discovery is decidedly different.

Id. at 1036 (emphasis added).
Further, this court in Woodward, explained that,
The constitution of the State of Florida contains an express right of privacy. Although there is no catalogue in our constitutional provision as to those matters *101 encompassed by the term privacy, it seems apparent to us that personal finances are among those private matters kept secret by most people. See Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985) (law in Florida recognizes an individual's legitimate expectation of privacy in individual's private bank account, financial records).
Accordingly, the Woodward Court concluded that,
the failure to analyze the need for the requested discovery under the unique circumstance of this case was a departure from the essential requirements of law which if uncorrected will lead to the kind of irreparable harm contemplated by Martin-Johnson.

Id. (citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987)).
Simply stated, on the record before this court, with the exception of the provision of the modification agreement which has been disclosed, the balance of the compelled information concerns monies which would be paid contingent upon the possibility of future events occurring. We see no other provisions for present income received by the former wife.
Because there is no basis to conclude that the personal financial information sought below is relevant, we find that the trial court's order departs from the essential requirements of law which if uncorrected will lead to the kind of irreparable harm contemplated by Martin-Johnson. Accordingly, under the authority of Woodward, we grant the writ and quash the discovery order under review.
POLEN, C.J., GUNTHER and GROSS, JJ., concur.