PER CURIAM.
 

 Robert Carter, Jr. (the husband), the respondent in a petition for dissolution of marriage pending below, seeks review of a nonfinal order which denied his objections and motion for protective order, and required him to file a line-item response to the wife’s request to produce. We grant the petition.
 

 Kerrie S. Carter (the wife) filed a petition for dissolution of the parties’ marriage in 2006. A temporary relief order was entered in September 2006. On October 31, 2006, both parties, while under the advisement of counsel and in their counsel’s presence, entered into a handwritten settlement agreement, resolving the parties’ financial and custody issues. The parties never obtained a final judgment incorporating the agreement, although from time to time the wife has asked the court to compel the husband’s compliance with it.
 

 In 2007, the wife retained new counsel and moved for modification of the temporary relief order. She also asked the court not to approve the terms and conditions of the settlement agreement, which the husband meanwhile has sought to enforce. Thereafter, the wife changed counsel again and, in 2008, she served on the husband a request to produce, seeking extensive financial information concerning him and the family business.
 

 Subsequently, the wife also moved to set aside the settlement agreement, based in
 
 *398
 
 part on conclusory allegations that the husband’s disclosure of his income on his financial affidavit was “fraudulent.” She now takes the position that the discovery previously sought is necessary for her to litigate this motion.
 

 Whether the trial court departed in ordering that discovery is the issue presented by the instant petition. While personal financial information is fully discoverable when relevant to the subject matter of the pending action, it may cause irreparable harm to a person who is forced to disclose it when the information is not relevant,
 
 Friedman v. Heart Inst. of Port St. Lucie, Inc.,
 
 863 So.2d 189 (Fla.2003), or is overbroad,
 
 Redland Co. v. Atl. Civil, Inc.,
 
 961 So.2d 1004, 1005 (Fla. 3d DCA 2007).
 

 Under the circumstances of this case, we agree with the husband’s position that he should not be compelled to produce the discovery requested by the wife unless and until the court first determines the validity of the parties’ settlement agreement. See generally
 
 Kuchera v. Kuchera,
 
 983 So.2d 776 (Fla. 4th DCA 2008),
 
 rev. denied,
 
 996 So.2d 212, 2008 WL 4768069 (Fla. Oct. 28, 2008); and
 
 Petracca v. Petracca,
 
 706 So.2d 904 (Fla. 4th DCA 1998), which explain that when parties enter a settlement agreement after participating in contested litigation, having had the opportunity to make use of the procedural rules for discovery of financial resources, courts do not consider the fairness, to the challenging spouse, of a litigation settlement agreement pursuant to
 
 Casto v. Casto,
 
 508 So.2d 330 (Fla.1987).
 

 Although in this case the wife claims the agreement was procured by fraud or misrepresentation by the husband, the record before this court does not demonstrate that she pleaded such with specificity.
 
 [1]
 

 Unless and until the trial court invalidates the parties’ marital settlement agreement, the husband’s private financial information should remain private. Accordingly, the petition is granted and the order directing discovery is quashed.
 

 WARNER, HAZOURI and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Essentially, she claims the husband's financial affidavit does not reflect that a substantial portion of his personal living expenses are paid through the family business. However, in her verified motion for temporary support served in June 2006, she alleged similar facts as to the parties' personal living expenses during the marriage.