DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JILCO, INC.,**
Petitioner,

v.

**MRG OF SOUTH FLORIDA, INC.,**
Respondent.

No. 4D14-2114

[October 15, 2014]

Petitioner for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 07-12044 02.

Reed B. McClosky of Freedman & McClosky, P.A., Fort Lauderdale, for petitioner.

Marc A. Silverman of Frank, Weinberg & Black, P.L., Plantation, for respondent.

PER CURIAM.

Petitioner, Jilco, Inc. ("Jilco"), seeks certiorari review of an order denying its motion for protective order on a request for post-settlement discovery. We grant the petition.

Jilco subleased a commercial property to respondent, MRG of South Florida, Inc. ("MRG"). After a dispute arose regarding the sublease, the court ordered mediation where the parties entered into a preliminary settlement agreement titled "Memorandum of Mediation Results." The memorandum included a provision stating that the "[p]arties contemplate executing more formal documents to implement this agreement. However, if not done, this agreement shall be enforceable by the parties/courts."

Paragraph (a) of the agreement provided that MRG's rent would be set at $31,000 per month. Paragraph (b) provided that the rent would always be $14,000 more than Jilco's rent to the owner of the property.

A few months after the agreement was signed, Jilco learned that its rent was being increased due to a property tax increase passed through by the property owner. Jilco notified MRG that rent under the sublease would be increased to $33,995.71, which was $14,000 more than Jilco's new rent to the owner.

MRG filed a motion to enforce settlement asking the court to enforce paragraph (a), which set the rent amount at $31,000. Jilco argued that the increase was consistent with paragraph (b) of the agreement. Alternatively, MRG asked that the agreement be rescinded or voided due to mistake or absence of a meeting of the minds.

By subpoena, MRG requested: (1) all leases and subleases relative to the property; (2) all communications concerning documents in response to paragraph 1 above, concerning payments due under the lease, adjustments to amounts due under the lease as amended and/or the reasons for adjustments under the lease as amended; (3) the entire lease file; (4) all payments, records of payment, ledgers or bookkeeping entries, sent by, received by, or in the possession of the property owner from any entity or individual relative to documents responsive to paragraph 1 above; and (5) the payment ledger pertaining to the lease since 2010.

Jilco moved for a protective order seeking to limit discovery to information relevant to the dispute regarding the settlement. Jilco objected that the request asked for nineteen years of payment history and correspondence between Jilco and the property owner.

The trial court took the position that until the settlement issue was decided, the case remained open and full discovery would be available. Essentially, it found that there was no settlement agreement until one was submitted and approved by the court. Jilco argues that the agreement did not need to be approved by the court to be valid and that discovery beyond the terms of the settlement is prohibited at this time. We agree.

"[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995) (citing *Martin–Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1099 (Fla. 1987)). The disclosure of a party's financial or confidential business information may cause irreparable harm where the information is irrelevant to any pending matter. *See Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189, 194 (Fla. 2003) (quoting

*Straub v. Matte*, 805 So. 2d 99, 100 (Fla. 4th DCA 2002)); *Elsner v. E-Commerce Coffee Club*, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013).

Here, Jilco alleges that disclosure of information regarding its lease with the property owner would be particularly harmful because MRG has always coveted the long-term lease Jilco has with the property owner. Jilco has allegedly taken pains to prevent MRG from cutting out Jilco and dealing directly with the owner.

The court departed from the essential requirements of law in finding that no agreement exists unless approved by the court. Florida Rule of Civil Procedure 1.730 grants a trial court broad discretion to grant relief as to settlement agreements reached through mediation. It is undisputed that the parties reached an agreement that was reduced to writing and signed by all of the parties as required under rule 1.730(b). A signed mediated settlement agreement is a contract. *Silver v. Silver*, 992 So. 2d 886, 888 (Fla. 2d DCA 2008). "Florida courts have routinely permitted issues of enforceability of settlements to be resolved through motions filed in the pending litigation rather than requiring independent actions." *Stamato v. Stamato*, 818 So. 2d 662, 664 (Fla. 4th DCA 2002). The proper course is for the court to resolve the dispute regarding the validity of the agreement before ruling on the request for discovery. To treat the agreement as though it did not exist, simply because it was being challenged, would pose a great threat to mediated settlements.

As Jilco points out, where the parties enter into a settlement agreement, the settlement bars discovery regarding settled matters no longer at issue in the litigation. *See Eagle FL VI SPE, LLC v. Cypress Creek Plaza, LLC*, 128 So. 3d 950, 952 (Fla. 2d DCA 2013). An order compelling discovery while the settlement agreement is still in effect constitutes a departure from the essential requirements of the law. *Id.* at 953.

Because the challenge to the agreement is unresolved, the trial court should first determine whether the agreement is valid and enforceable. If so, the court should limit discovery to information on issues which survive the terms of the settlement agreement. Presently, the court's order compels production of nineteen years of documents regarding Jilco's lease with the property owner. The court refused to limit discovery in any way and did not make a determination that the discovery was relevant to any issue in the case. We grant the petition for certiorari and quash the order denying Petitioner's motion for protective order.

*Petition granted. Order quashed.*

WARNER, STEVENSON and GROSS, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*