DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE S. ELKINS, JR.,**
Petitioner,

v.

**PHYLLIS ELKINS,**
Respondent.

No. 4D18-625

[ July 18, 2018 ]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562013DR002287.

Robert V. Schwerer and James T. Walker of Hayskar, Walker, Schwerer, Dundas & McCain, P.A., Fort Pierce, for petitioner.

Robert L. Jennings of Jennings & Valancy, P.A., Stuart, for respondent.

PER CURIAM.

The former husband in this post-dissolution proceeding seeks certiorari review of an order requiring him to disclose extensive personal financial information to the former wife. We grant the petition and quash the order.

The parties divorced in 2014. In their marital settlement agreement, they agreed to divide several rental properties they owned. The agreement required each party to "use their best efforts to remove the other party from [the] mortgage on any property they are receiving under this agreement within six months of execution of this agreement."

In February 2017, the former wife moved to enforce the agreement, alleging that the former husband had not removed her from the mortgage on a property he received. The former wife sought extensive financial discovery from the former husband, his business, and his girlfriend. The former husband objected to the discovery and moved for a protective order.

The former wife moved to compel discovery. She argued that the agreement required the former husband to use all resources at his disposal

to eliminate her liability on the property by satisfying the mortgage. She asserted that the requested discovery is relevant to show that the former husband had the means to pay off the mortgage but used his resources for other purposes, including supporting his girlfriend and her children in an "affluent lifestyle."

The former husband moved for an evidentiary hearing to determine the meaning of the marital settlement agreement. He argued that the phrase "best efforts" is inherently ambiguous and requires extrinsic evidence to discern the parties' intent. He suggested that the parties did not intend to require him to devote all of his resources to paying off the mortgage if doing so would be financially unreasonable.

The trial court agreed with the former husband that the phrase "best efforts" is ambiguous and granted an evidentiary hearing to determine the parties' intent. At the same time, however, the court denied the former husband's motion for a protective order and granted the former wife's motion to compel discovery. The former husband now seeks certiorari review.

Certiorari relief is warranted where the trial court has departed from the essential requirements of the law, resulting in material harm that cannot be remedied on appeal. *See Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011). "[T]he disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." *Friedman v. Heart Inst. of Port St. Lucie*, 863 So. 2d 189, 194 (Fla. 2003) (quoting *Straub v. Matte*, 805 So. 2d 99, 100 (Fla. 4th DCA 2002)).

The former husband has shown that the trial court's order in this case departs from the essential requirements of the law because the requested financial discovery has not yet been determined to be relevant to any issue in the litigation. *See Elsner v. E-Commerce Coffee Club*, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013). Because the court found the marital settlement agreement to be ambiguous, the order compelling discovery is premature. The court must determine the meaning of the agreement before it can decide if the discovery is relevant to whether the former husband met his obligations. *See Jilco, Inc. v. MRG of S. Fla., Inc.*, 162 So. 3d 108 (Fla. 4th DCA 2014) (quashing an order compelling production of confidential business information because the court had not yet determined the validity of a settlement agreement or found the discovery relevant to any remaining issues); *see also Schlesinger v. Schlesinger*, 186 So. 3d 618 (Fla. 3d DCA 2016) (quashing an order permitting discovery of bank records because the court had not yet decided whether the opposing party could

2

recover any payments).

Accordingly, we grant the certiorari petition and quash the order granting the former wife's motion to compel discovery.

*Petition Granted.*

GERBER, C.J., GROSS and TAYLOR, JJ., concur.

*    *    *

**_Not final until disposition of timely filed motion for rehearing._**

3