DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHETU, INC.**,
Petitioner,

v.

**KO GAMING, INC.**,
Respondent,

No. 4D18-1551

[January 9, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE-15-016693 (08).

Paul D. Turner, Benjamin L. Reiss, and Joey M. Lampert of Perlman, Bajandas, Yevoli & Albright, Fort Lauderdale, for petitioner.

No appearance for respondent.

KUNTZ, J.

Chetu, Inc. petitions for a writ of certiorari and asks that we quash an order allowing discovery of Chetu's and its non-party employees' private financial information. We grant the petition and quash the order.

Chetu filed a complaint against respondent KO Gaming, Inc. for failure to pay for services rendered and asserted claims of (1) breach of written contract, (2) open account, (3) account stated, (4) quantum meruit, and (5) unjust enrichment. Chetu later dismissed the quantum meruit and unjust enrichment claims. KO Gaming asserted affirmative defenses and brought two counterclaims.

During discovery, KO Gaming served a notice of taking deposition duces tecum of various areas of inquiry, including Chetu's "profit margin, estimates, projections, cost analysis or formula to determine profit for agreement." KO Gaming also requested Chetu to produce various documents at the deposition, including "all documents related to profit margin, estimates, projections, cost analysis or formula to determine profit for agreement." Chetu sought a protective order and, at a hearing on the

motion, counsel for KO Gaming argued the requested discovery was relevant to a counterclaim asserting Chetu understaffed the project.

After the court denied a motion for protective order, Chetu filed this petition for writ of certiorari. We issued an order directing KO Gaming to show cause why the petition should not be granted. KO Gaming did not respond.

Here, as below, Chetu argues the private financial information sought by KO Gaming is not discoverable because it is irrelevant to the issues pending in the lawsuit. In essence, Chetu asserts that financial information, including profit projections and the salary and compensation of its employees, is not relevant to this breach of contract action. We agree.

"[T]he disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." *Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189, 194 (Fla. 2003) (quoting *Straub v. Matte*, 805 So. 2d 99, 100 (Fla. 4th DCA 2002)). Thus, the law "strikes the proper balance between allowing appropriate discovery and protecting litigants' privacy and equitable interests." *Id.*

That balance allows discovery relating to personal financial information when it is relevant to the pending action. *Id.* (citing *Epstein v. Epstein*, 519 So. 2d 1042, 1043 (Fla. 3d DCA 1988)). But if it is not relevant to the pending action, that balance precludes the discovery of personal financial information unless it is in aid of execution after judgment. *Id.* (citing *Gruman v. Bankers Tr. Co.*, 379 So. 2d 658, 659 (Fla. 3d DCA 1980); *Cooper v. Fulton*, 117 So. 2d 33, 35-36 (Fla. 3d DCA 1960)).

KO Gaming hired Chetu to provide computer software programing services in exchange for an hourly rate. Chetu claims KO Gaming did not pay for services rendered under the contract. On the other hand, KO Gaming claims Chetu failed to perform as required by the contract.

The trier of fact will decide whether either party breached the contract. To prove a breach of contract, a party must establish a valid contract, a material breach, and damages. *See Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). The private financial information of Chetu and its non-party employees is not relevant to that determination. Thus, we quash the order.

*Petition granted; order quashed.*

DAMOORGIAN and FORST, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***