DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATHANIEL DUKE,**
Petitioner,

v.

**VIVIAN SINTIM DUKE,**
Respondent.

No. 4D23-165

[May 17, 2023]

Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. FMCE21006344.

Carla P. Lowry of Lowry at Law, P.A., Fort Lauderdale, for petitioner.

John B. Agnetti and Daniel H. Kent of Hoffman, Larin & Agnetti, P.A., Miami, for respondent.

PER CURIAM.

Nathaniel Duke ("Former Husband") seeks review of a discovery order allowing Vivian Sintim Duke ("Former Wife") to obtain discovery from non-party financial institutions. Former Wife requested materials from the financial institutions to support her post-dissolution of marriage motion to set aside the parties' Marital Settlement Agreement ("MSA") that was incorporated into the parties' final dissolution judgment. We grant certiorari relief and remand for the trial court to conduct an evidentiary hearing to consider whether Former Wife's allegations that Former Husband fraudulently withheld financial information are sufficient to permit post-judgment discovery toward setting aside the MSA. *See Carter v. Carter*, 3 So. 3d 397, 398 (Fla. 4th DCA 2009).

The MSA provided for alimony, child support, and other expenses for the two minor children, and equitable distribution of property and bank accounts. Each party was to retain 100% interest in bank accounts titled in his or her name, free and clear of any claim by the other. Within the MSA, each party acknowledged legal representation, the "unfettered" opportunity to conduct discovery of each other's financial circumstances,

receipt of discovery, and that each "affirmatively waives the right to engage in any additional discovery." The parties also expressly waived their right to receive any additional financial information from the other party prior to entry of the MSA, and each party represented they were satisfied that he or she had sufficient approximate knowledge of the other party's financial circumstances before executing the MSA.

Eight months after the trial court entered final judgment, Former Wife moved to set aside the MSA. Within the verified motion, Former Wife alleged Former Husband's financial affidavits were fraudulent because he had opened two accounts in the month before the parties entered into the MSA which he failed to disclose by supplementing his financial affidavit in accordance with Florida Family Law Rule of Procedure 12.285(f).

Former Wife's motion detailed the two bank account numbers, the related business entities associated with the accounts, the amount of funds deposited and transferred among the entities, and the real estate which Former Husband purchased with those funds. Thereafter, she filed notices of intent to serve subpoenas duces tecum to the two non-party banks associated with the transactions.

Former Husband objected to the subpoenas, which the trial court overruled without comment or conducting an evidentiary hearing. Former Husband argues in this appeal that Former Wife was not entitled to the financial discovery requested unless and until the trial court invalidates the MSA.

We treat Former Husband's appeal as a petition for certiorari. "Certiorari review is appropriate when a discovery order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *City of Port St. Lucie v. Follano*, 177 So. 3d 301, 302 (Fla. 4th DCA 2015) (citing *Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454–55 (Fla. 2012)).

We recognize that "Florida has a well-recognized policy favoring the finality of judgments, especially in family law contexts." *Corrigan v. Vargas*, 277 So. 3d 642, 645 (Fla. 5th DCA 2019) (quoting *Romero v. Romero*, 959 So. 2d 333, 336 (Fla. 3d DCA 2007)). However, Florida Family Law Rule of Procedure 12.540 "allows a court to set aside a final order, including one ratifying and incorporating an agreement, on the basis of fraud, misrepresentation, or other misconduct of an adverse party." *Corrigan*, 277 So. 3d at 645 (citing Fla. Fam. L. R. P. 12.540(b)(3)).

2

In *Carter,* we held that a former husband should not be compelled to produce the discovery requested by the former wife until the trial court first determined the validity of the parties' settlement agreement. 3 So. 3d at 398. There, the former wife sought discovery to litigate her motion to set aside a settlement agreement based on former husband's allegedly fraudulent affidavit. *Id.* In granting the former husband's petition, we cited two earlier decisions in which we "explain[ed] that when parties enter a settlement agreement after participating in contested litigation, having had the opportunity to make use of the procedural rules for discovery of financial resources, courts do not consider the fairness, to the challenging spouse, of a litigation settlement agreement pursuant to *Casto v. Casto*, 508 So. 2d 330 (Fla. 1987)." *Carter*, 3 So. 3d at 398 (citing *Kuchera v. Kuchera*, 983 So. 2d 776 (Fla. 4th DCA 2008); *Petracca v. Petracca*, 706 So. 2d 904 (Fla. 4th DCA 1998)); *see also Macar v. Macar*, 803 So. 2d 707, 713 (Fla. 2001) (holding that in cases in which a marital settlement agreement is reached after the initiation of litigation and the completion of discovery, a party challenging the final judgment should not be permitted to claim lack of knowledge "because through due diligence, they could have unearthed all of the relevant facts").

As in *Carter,* despite Former Wife's claim that the MSA "was procured by fraud or misrepresentation," the record here did not demonstrate she pleaded either fraud or misrepresentation with specificity. *See Carter*, 3 So. 3d at 398. The Third District has also applied *Carter* to quash a discovery order where the former wife's pleading was conclusory and lacked specificity. *Parra de Rey v. Rey*, 114 So. 3d 371, 384–85 (Fla. 3d DCA 2013). The district court affirmed the trial court's order, noting "the trial court was duty-bound to determine the validity of the marital settlement agreement prior to granting the Wife's discovery requests." *Id.* at 385.

Even though Former Wife's motion included specifics about the assets which she claims Former Husband failed to disclose, the trial court should consider whether these allegations are sufficient for establishing fraud or misrepresentation, and if so, conduct an evidentiary hearing before permitting discovery on whether Former Wife could or should have discovered this information before signing the MSA. *See Hess v. Hess*, 290 So. 3d 512, 518 (Fla. 2d DCA 2019) (noting that Rule 12.540(b) "allows a trial court to relieve a party from a final judgment on grounds of newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial or rehearing"); *Crupi v. Crupi*, 784 So. 2d 611, 614 (Fla. 5th DCA 2001) (holding mediated settlement agreement could not be set aside based upon fraud where former wife was aware of the inaccuracies in former husband's affidavit).

We therefore grant Former Husband's petition, quash the order under review, and remand for further proceedings as outlined above.

*Petition granted; order quashed.*

KLINGENSMITH, C.J., WARNER and FORST, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***