# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0855
LT Case No. 2023-11833-FMDL

_____

SANDRA KATHERINE SMITH-
FULLERTON,

Petitioner,

v.

DAVID MILES FULLERTON,

Respondent.

_____

Petition for Certiorari Review of Order from
the Circuit Court for Volusia County.
Matthew M. Foxman, Judge.

John N. Bogdanoff, of Carlyle Appellate Law Firm, Orlando, for
Petitioner.

Theodore R. Doran and Carol A. Yoon, of Doran, Sims, Wolfe &
Yoon, Daytona Beach, for Respondent.

December 6, 2024

KILBANE, J.

Sandra Katherine Smith-Fullerton ("the Wife"), petitions this
Court for a writ of certiorari seeking to quash the trial court's order
denying her motion for protective order and authorizing full
disclosure and discovery of certain personal financial information.
Because the trial court did not first determine the validity of the
parties' antenuptial agreement, we grant the petition.

## Facts

The Wife and respondent David Miles Fullerton ("the Husband"), executed an Antenuptial Agreement in May 2001, which by its terms was to be considered a settlement agreement in the event of a dissolution of marriage. Section 12 of the Antenuptial Agreement provided the parties "agreed not to disclose their financial conditions or the nature and character of each party's estate and property."

In July 2023, the Wife filed a petition for dissolution of marriage. She asserted she did not have to provide a financial affidavit or comply with mandatory disclosure because of section 12 of the Antenuptial Agreement. The Husband's amended answer, affirmative defenses, and counter-petition argued the Wife was estopped or barred from enforcing the Antenuptial Agreement, and he requested the Antenuptial Agreement be set aside. He further requested production of the Wife's personal financial information. The Wife filed a motion for declaratory judgment asking the trial court to rule on the validity of the Antenuptial Agreement arguing it was valid and enforceable. The Wife also filed a motion for protective order or request to stay discovery pending a ruling on her motion for declaratory judgment.

At a hearing on several pending motions, the trial court indicated the main item to be addressed was the financial discovery issue. The Wife argued it was critical for the court to address the validity of the Antenuptial Agreement prior to deciding whether to allow such discovery. However, after listening to arguments of counsel, the court denied the motion for protective order and authorized full financial disclosure and discovery. The court did so without ruling on the validity of the Antenuptial Agreement.

## Analysis

"A petition for certiorari is appropriate to review a discovery order when the 'order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.'" *McFall v. Welsh*, 301 So. 3d 320, 321

(Fla. 5th DCA 2019) (quoting *Inglis v. Casselberry*, 200 So. 3d 206, 209 (Fla. 2d DCA 2016)).  Although personal financial information is subject to discovery when it is relevant, "it may cause irreparable harm to a person who is forced to disclose it when the information is not relevant."  *Carter v. Carter*, 3 So. 3d 397, 398 (Fla. 4th DCA 2009) (citing *Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189 (Fla. 2003)).

Here, the parties' Antenuptial Agreement provided that neither party had a duty to disclose financial information.  Without first examining the validity of that agreement per the Wife's motion and request at the hearing, the trial court authorized full financial disclosure and denied the Wife's request for protective order.  As such, the Wife has demonstrated irreparable harm.  *See Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995) (explaining discovery of certain kinds of information "includ[ing] 'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation" may cause material injury of irreparable nature); *McFall*, 301 So. 3d at 321–22 ("[P]ersonal finances are among those private matters kept secret by most people." (quoting *Woodward v. Berkery*, 714 So. 2d 1027, 1035 (Fla. 4th DCA 1998))).  Because the trial court made no determination as to the validity of the Antenuptial Agreement, its order departed from the essential requirements of law.  *See Carter*, 3 So. 3d at 398 (granting petition for writ of certiorari and agreeing the husband "should not be compelled to produce the [financial] discovery requested by the wife unless and until the court first determines the validity of the parties' settlement agreement").

## Conclusion

Accordingly, we grant the Wife's petition for certiorari, quash the trial court's order, and remand the matter to the trial court for further consideration.

PETITION GRANTED; ORDER QUASHED; REMANDED for further proceedings.

SOUD and MACIVER, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____